Mathew K. Higbee, Esq., SBN 241380
Kelton Johnson, Esq., SBN 303535
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8331
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorneys for Plaintiff,
PAUL MARTINKA,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTINKA,<br><br>Plaintiff,<br><br>v.<br><br>RADIO KOREA USA, INC.; RK MEDIA GROUP, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 20-cv-10429<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PAUL MARTINKA ("Martinka" or "Plaintiff"), for his complaint against Defendants, Radio Korea USA, Inc. and RK Media Group, Inc., alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

COMPLAINT FOR DAMAGES 1

101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendants conduct business in the State of California, Defendants' acts of infringement complained of herein occurred in the State of California, and Defendants have caused injury to Plaintiff within the State of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside and/or have a regular and established place of business in this judicial district.

**PARTIES**

5. Plaintiff Paul Martinka ("Plaintiff" or "Martinka") is a professional photographer residing in New York County, State of New York.

6. Defendant Radio Korea USA, Inc. ("Defendant Radio Korea" or "Radio Korea") is a California Domestic Stock corporation and, on information and belief, has a principle place of business at 3700 Wilshire Blvd #600, Los Angeles, CA 90010. On information and belief, Radio Korea conducts business in Los Angeles County, in the State of California.

7. A true and correct copy of the California Secretary of State Business

1  Search – Entity Detail report for Radio Korea is attached hereto as Exhibit A.

2       8.   Defendant RK Media Group, Inc. ("Defendant RK Media" or "RK Media") is a California Domestic Stock corporation and, on information and belief, has a principle place at 3700 Wilshire Blvd #600, Los Angeles, CA 90010.  On information and belief, RK Media conducts business in Los Angeles County, in the State of California.

       9.   A true and correct copy of the California Secretary of State Business Search – Entity Detail report for RK Media is attached hereto as Exhibit B.

       10.  Both Defendants appear to be intertwined in their ownership and management of the Website, radiokorea.com (the "Website").

       11.  On information and belief, Defendants own and operate the Website, radiokorea.com.

       12.  The Website "Terms" page footer references RK Media, the Website "Terms" page main text body references Radio Korea, and the DMCA registration references both Radio Korea and RK Media.  It is unclear where Radio Korea ends and RK Media begins.

       13.  A true and correct copy of the Website "Terms" page is attached hereto as Exhibit C in both Korean and English.  The English translation is created using Google Chrome's built in page translator.

       14.  A true and correct copy of the DMCA registration showing Radio Korea as the service provider and RK Media as the designated agent for the

Website is attached hereto as Exhibit D.

15. Both companies also have the same address on their filed Statements of Information and the business entity reports referenced and attached to this complaint look very similar. Furthermore, both companies have the same CEO and Secretary. A true and correct copy of the Statements of Information filed with the California Secretary of State for both Defendants are attached hereto as Exhibit E.

16. Both parties have been named in this lawsuit as Plaintiff has good cause to believe they are jointly and severally liable for the claims made in this case.

17. Defendants own the Website and have the ability to manage and control what is posted to the website.

18. Defendants benefit monetarily from content that is posted on the website.

19. On information and belief, Defendants, and Defendants' employees, post content to the Website in order to attract user traffic and drive advertising revenue.

20. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in

some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

21. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

22. Plaintiff Paul Martinka is a professional photographer by trade. Over his 23-year-career, he's covered everything from breaking news and sports, to celebrities and corporate events. His work has been featured in publications worldwide, including Rolling Stone, People, Vanity Fair, Elle, Vero, Der Spiegel, Time, and has appeared on TV shows such as, "TMZ", "Entertainment Tonight", "20/20", "Inside Edition" and "ABC News," to name a few. Since 2001, he's been a regular contributor to the New York Post, Splash News, and Polaris Images.

23. Martinka is the sole author and exclusive rights holder to a photograph of a man in uniform mourning (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit F.

24. Martinka registered the Image with the United States Copyright

Office under registration number VA 2-120-570. A true and correct copy of the Copyright Registration maintained online in the Public Catalog by the Library of Congress is attached hereto as Exhibit G

25. The Image was first published in an article by the New York Post (the "Post") on September 11, 2018, titled *Mourners gather at Ground Zero memorial site on 9/11 anniversary.* (the "Post Article"). The article included an attribution to Martinka just underneath the Image. *See* https://nypost.com/2018/09/11/mourners-gather-at-ground-zero-memorial-site-on-9-11-anniversary/ (second image in slide show is the Martinka Image). A true and correct copy of Post Article is attached hereto as Exhibit H.

26. On or about February 5, 2020, Martinka discovered that Defendant, had used the Image in an article on its Website ("Infringing Article") excluding the photo credit to Plaintiff which is dated as published on September 11, 2018. True and correct screenshots of the Infringing Article featuring Martinka's Image are attached hereto as Exhibit I in both the original Korean and in English (using Google Chrome's built in page translator).

27. The URL of the unauthorized Infringing Article was https://www.radiokorea.com/news/article.php?uid=296745 and the URL of the image on Defendants' servers was https://www.radiokorea.com/images/news/2018/09/11/296745/1.jpg.

28. Defendant is a news media outlet reporting on news, entertainment,

1  and more, in the Korean language. *See* https://www.radiokorea.com/.

2  29. On information and belief, Defendants made an unauthorized copy of
3  Martinka's Image taken from the Post Article, and uploaded it to the servers for
4  Defendants' Website and posted it for public display in the Infringing Article.

5  30. Defendants took the Image and published it without authorization in
6  the infringing article on the same day it was initially published in the Post.

7  31. Plaintiff never authorized Defendants to use the Image in any manner.

8  32. On Information and belief, Defendants knew that they did not have
9  permission to use the Image on Defendant's Website and willfully infringed Mr.
10 Martinka's Image.

11 33. On information and belief, Defendants willfully removed Martinka's
12 photo attribution just underneath the Image in the Post Article because Defendants
13 knew that they did not have permission to use the Image on Defendants' Website.

14 34. As infringing a photograph, especially on the day of first publication,
15 is very serious, counsel for Plaintiff attempted to resolve this matter by contacting
16 Defendant.

17 35. On or about February 13, 2020, Plaintiff's counsel sent a demand
18 letter to Defendant's address, providing notice of the infringement and requesting,
19 *inter alia*, that Defendants remove the Image from the Website.

20 36. After various attempts at communication, the situation was presented
21 to counsel for Defendants and a staff member who works for Plaintiff's counsel

spoke to counsel for Defendant on February 28, 2020.

37. After this phone conversation, numerous attempts to contact Defendant's counsel were left unanswered. Counsel for Plaintiff most recently attempted to contact counsel for Defendant twice in September 2020.

38. As these attempts to have a negotiation have been ignored, Plaintiff is left with no option other than to file claims for damages in this Court.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

41. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendants' Website.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c)

per infringement.

43. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. On information and belief, Defendants knew that Plaintiff created the Image because, *inter alia*, the source of the Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

47. Defendants intentionally falsified copyright management information related to the Images with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendants purposefully failed to credit Plaintiff and removed a copyright watermark in order to mislead the public into believing that Defendants either owned the Images or had legitimately licensed it for use in the Infringing Article.

48. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

49. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

50. Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Image.

51. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

52. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendants for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For statutory damages against Defendants in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

2. For statutory damages against Defendants pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

3. For general and special damages against Defendants according to proof together with interest thereon at the maximum legal rate;

4. For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

5. For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

6. For any other relief the Court deems just and proper.

Dated: November 13, 2020                    Respectfully submitted,

/s/ **Mathew K. Higbee**
Mathew K. Higbee, Esq.,
CA SBN 241380.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8331
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Martinka hereby demands a trial by jury in the above matter.

Dated: November 13, 2020　　　　　　　　　　Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.,
CA SBN 241380.
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8331
(714) 597-6559 facsimile
*Counsel for Plaintiff*