| | |
|---|---|
| 1 | S. Calvin Myung, Esq. (SBN 216853) |
| 2 | **LAW OFFICES OF S. CALVIN MYUNG**<br>3700 Wilshire Boulevard, Suite 500 |
| 3 | Los Angeles, California 90010<br>Telephone (213) 382-3600 |
| 4 | Email: scalvinmyunglaw@gmail.com |
| 5 | Attorneys for Defendants,<br>RADIO KOREA USA, INC. |
| 6 | and RK MEDIA GROUP, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL MARTINKA, | Case No. 2:20-cv-10429-SVW-JEM |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| RADIO KOREA USA, INC.; RK MEDIA GROUP, INC.; and DOES 1 through 10, | |
| Defendants. | |

Defendants, RADIO KOREA USA, INC. and RK MEDIA GROUP, INC., answer the Complaint as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis deny such allegations.

2.  Defendants deny that this Court has jurisdiction of this lawsuit under 28 U.S.C. §1338(b). Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and on that basis deny such allegations.

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis deny such allegations.

1  4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis deny such allegations.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis deny such allegations.

6. Defendant Radio Korea USA, Inc. admits that it is a California corporation and that it has a principal place of business at 3700 Wilshire Blvd., Suite 600, Los Angeles, California 90010.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny such allegations.

8. Defendant RK Media Group, Inc. admits that it is a California corporation and that it has a principal place of business at 3700 Wilshire Blvd., Suite 600, Los Angeles, California 90010.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny such allegations.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis deny such allegations.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. To the extent that the allegations pertain to Defendants, Defendants deny the allegations contained in paragraph 20. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 20, and on that basis deny such allegations.

21. To the extent that the allegations pertain to Defendants, Defendants deny the allegations contained in paragraph 21. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 21, and on that basis deny such allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 22, and on that basis deny such allegations.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 23, and on that basis deny such allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 24, and on that basis deny such allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 25, and on that basis deny such allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 26, and on that basis deny such allegations.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 27, and on that basis deny such allegations.

28.    Defendants admit that they are a news media.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 29, and on that basis deny such allegations.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 30, and on that basis deny such allegations.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 31, and on that basis deny such allegations.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 32, and on that basis deny such allegations.

33.    Defendants deny the allegations contained in paragraph 33.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 34, and on that basis deny such allegations.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 35, and on that basis deny such allegations.

36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 36, and on that basis deny such allegations.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 37, and on that basis deny such allegations.

38.    Defendants deny the allegations contained in paragraph 38.

39.    In response to paragraph 39, Defendants refer to and incorporate herein

by reference the responses to paragraphs 1 through 38 above.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 40, and on that basis deny such allegations.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. In response to paragraph 45, Defendants refer to and incorporate herein by reference the responses to paragraphs 1 through 44 above.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 46, and on that basis deny such allegations.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

53. In further answer to the Complaint, Defendants assert the following separate and affirmative defenses (the "Separate and Affirmative Defenses"). By alleging the Separate and Affirmative Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendants reserve the right to raise additional affirmative Separate and Affirmative defenses as

they become known to them through discovery or investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

54. As the first and separate affirmative defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute any cause of action against the answering Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

55. As the second and separate affirmative defense to the Complaint, Defendants allege that Plaintiff's purported causes of action, and each of them, are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

56. As the third and separate affirmative defense to the Complaint, Defendants allege that Plaintiff's purported causes of action, and each of them, are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

57. As the fourth and separate affirmative defense to the Complaint, Defendants allege that Plaintiff's purported causes of action, and each of them, are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

58. As the fifth and separate affirmative defense to the Complaint, Defendants allege that Plaintiff is barred from recovery against Defendants pursuant to the equitable doctrine of unclean hands.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Proximate Cause – Other Persons)

59. As the sixth and separate affirmative defense to the Complaint, Defendants allege that the damages alleged to have been suffered by Plaintiff in the Complaint were proximately caused or contributed to by acts or failures to act of persons other than the answering Defendants, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

60. As the seventh and separate affirmative defense to the Complaint, Defendants allege that Plaintiff failed to mitigate, reduce or avoid his damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

61. As the eighth and separate affirmative defense to the Complaint, Defendants allege that Plaintiff's claim of copyright infringement is barred, in whole or in part, by fraud or deception in the copyright registration process, or by misuse of registered copyrights.

## NINTH AFFIRMATIVE DEFENSE

### (Statutory Damages or Attorney's Fees are Barred)

62. As the ninth and separate affirmative defense to the Complaint, Defendants allege that Plaintiff is barred by 17 U.S.C. §412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of Plaintiff's alleged work.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement and Good Faith)

63. As the tenth and separate affirmative defense to the Complaint, Defendants allege that, to the extent that Plaintiff's work was infringed, Defendants acted in good faith, innocent of any knowledge, intent to infringe Plaintiff's rights

and not a willful infringement of copyright.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Fair Use Doctrine)

64. As the eleventh and separate affirmative defense to the Complaint, Defendants allege that Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

65. As the twelfth and separate affirmative defense to the Complaint, Defendants allege that they have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

WHEREFORE, Defendants pray for judgment as follows:

a. That Plaintiff take nothing by his Complaint;

b. For reasonable attorney's fees and costs of suit incurred herein; and

c. For such other and further relief as the Court may deem just and proper.

Dated: January 5, 2021        **LAW OFFICES OF S. CALVIN MYUNG**

By: /s/ S. Calvin Myung
S. CALVIN MYUNG
Attorney for Defendants
RADIO KOREA USA, INC. and
RK MEDIA GROUP, INC.